# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

HOMESAFE INSPECTION, INC.                                        **PLAINTIFF**

VS.                                         **CIVIL ACTION NO. 3:08CV081-M-A**

KENNETH R. McCULLOUGH, JR., d/b/a                               **DEFENDANT**
KEYSTONE PROPERTIES INSPECTIONS, LLC

## ORDER

     This cause comes before the court on the motion of defendant Kenneth R. McCullough,

d/b/a Keystone Properties Inspections, LLC, to dismiss for improper venue pursuant to Fed. R.

Civ. P. Rule 12(b)(3), or alternatively to transfer this action to the Northern District of Georgia.[1]

Plaintiff Homesafe Inspection, Inc. has responded in opposition to the motion, and the court,

having considered the memoranda and submissions of the parties, concludes that the motion

should be granted in part and denied in part.

     This is, *inter alia*, a patent infringement action in which plaintiff alleges that defendant

traveled to Mississippi to learn its patented termite treatment techniques as part of an agreement

to serve as plaintiff's franchisee.  Plaintiff alleges that defendant only worked as its franchisee for

a few months, following which defendant began working for himself, using the techniques that

plaintiff taught him.   In its complaint, plaintiff specifically seeks recovery under patent law,

alleging that "defendant is liable to plaintiff for infringement of its patents, pursuant to the Patent

---

[1]Defendant argues that plaintiff failed to properly allege diversity jurisdiction in his
complaint, but this argument is a red herring, inasmuch as plaintiff clearly seeks recovery under
federal patent law.  Federal question jurisdiction thus plainly exists in this case.

Act of the United States, 35 USC § 271 and § 281."

In seeking dismissal of this action for improper venue, defendant relies upon 29 U.S.C. § 1400(b), which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the Defendant resides or where the Defendant has committed acts of infringement and has a regular and established place of business." In contending that proper venue for this action lies in the Northern District of Georgia, defendant argues as follows:

> The Defendant, McCullough, is a resident of Georgia and has his regular place of business in Georgia. Likewise, Keystone is a Georgia corporation and has its regular place of business in Georgia. ... A patent infringement action against McCullough may only be brought in (a) the district in which he resides (Northern District of Georgia) or (b) the district in which an alleged act of infringement occurred and in which McCullough has a regular and established place of business (Northern District of Georgia).

Defendant's arguments in this regard appear to be consistent with the language of § 1400(b).

In responding to defendant's venue arguments, plaintiff essentially ignores the requirements of § 1400(b) and argues that venue is proper under the general federal venue statute, 28 U.S.C. § 1391. Specifically, plaintiff argues as follows:

> The diversity of citizenship of the two parties allows for proper venue in the Northern District of Mississippi. *See* 28 U.S.C. § 1332. 28 U.S.C.A. 1391(a)(2) states that venue is appropriate in "… (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred …" It cannot be denied that a substantial part of the events giving rise to Plaintiff's claims for violation of the Mississippi Unfair Trade Practices Act, unfair competition and unjust enrichment occurred in the Northern District of Mississippi, where the Plaintiff has its principal place of business. Therefore, there can be no doubt that venue is proper in the Northern District of Mississippi.

Plaintiff's argument ignores the fact that a more specific federal venue statute - § 1400(b) - applies in patent cases, and this is clearly a patent case. Plaintiff cites no authority indicating that he may avoid the provisions of § 1400(b) by asserting supplemental state claims along with his

patent claims, and permitting such would seemingly permit plaintiffs to nullify the requirements of the patent venue statute.

A Texas district court recently rejected similar arguments that § 1391 applied alongside § 1400(b) in a patent infringement case, writing that:

> L & H argues that in a patent case venue is proper under either Section 1400(b) or Section 1391(b). L & H cited two unpublished district court cases that purportedly applied Section 1391(b) to patent infringement cases. However, 28 U.S.C. § 1400(b) is the exclusive venue statute for patent infringement claims. *In re Cordis Corp.*, 769 F.2d 733, 734 (Fed. Cir.1985) ("Venue in patent infringement actions is controlled exclusively by 28 U.S.C. § 1400(b)") ... Therefore, Section 1391(b)(2) is inapplicable here.

*L & H Concepts LLC v. Schmidt*, 2007 WL 4165259 (E.D. Tex. 2007). It is thus apparent that plaintiff's argument that § 1391 applies in this case lacks merit. Plaintiff has not even attempted to dispute that the Northern District of Georgia is the proper venue for this action under § 1400(b), and the court therefore concludes that venue in this action is improper.

Having concluded that improper venue exists, the court must now determine the proper remedy to correct it. In cases where suit is filed in an improper venue, 28 U.S.C. § 1406(a) gives a district court discretion to either dismiss or transfer the case, providing that the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In this case, the court concludes that proper venue clearly lies in the Northern District of Georgia and that the interests of justice would be advanced by transferring, rather than dismissing, this action. Dismissing this action would, in all likelihood, merely serve to increase the delay and expense faced by the parties for no good reason that this court can discern, and, perhaps in recognition of this fact, defendant has alternatively sought to transfer this action to the Northern District of Georgia. The court concludes that this request is well taken and

3

should be granted.

This court's decision to transfer this case to Georgia is also informed by doubts regarding whether McCullough is subject to personal jurisdiction in this state. McCullough's contacts with Mississippi appear to be limited to a 2006 trip in which, according to plaintiff, he "learned the patented processes owned by plaintiff." Even assuming, *arguendo,* that this single trip is sufficient to establish personal jurisdiction under Constitutional standards, this court has doubts regarding whether the additional requirements of Mississippi's long-arm statute are met in this case. *See* Miss. Code Ann. § 13-3-57. Plaintiff argues that "[u]nder Mississippi's long-arm statute, a Mississippi court may properly exercise jurisdiction over a nonresident who has performed any character of work or service in this state," but it is far from clear that a training trip would be considered either "work" or "service" performed in Mississippi. While the personal jurisdiction issues are arguably somewhat close ones, plaintiff has submitted no arguments suggesting that venue in Mississippi is proper under the provisions of § 1400(b), and it seems clear that they are not. This case will therefore be transferred to the Northern District of Georgia.

It is therefore ordered that defendant's motion to dismiss, or alternatively to transfer, is granted in part and denied in part. This action is hereby transferred to the U.S. District Court for the Northern District of Georgia.

This, the 15th day of September, 2009.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**